UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

# CHAPTER 13 PLAN
# AND RELATED MOTIONS

Name of Debtor(s): **Tiana Lynn Branch** Case No: **10-31179**

This plan, dated **February 23, 2010**, is:

☒ the *first* Chapter 13 plan filed in this case.
☐ a modified Plan, which replaces the
☐confirmed or ☐unconfirmed Plan dated .

Date and Time of Modified Plan Confirming Hearing:

Place of Modified Plan Confirmation Hearing:

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$17,633.00**
Total Non-Priority Unsecured Debt: **$136,863.03**
Total Priority Debt: **$0.00**
Total Secured Debt: **$8,925.00**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$330.00 Monthly for 48 months**. Other payments to the Trustee are as follows: **NONE**. The total amount to be paid into the plan is $**15,840.00**.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

**A. Administrative Claims under 11 U.S.C. § 1326.**

1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
2. Debtor(s)' attorney will be paid $**2,734.00** balance due of the total fee of $**3,000.00** concurrently with or prior to the payments to remaining creditors.

**B. Claims under 11 U.S.C. §507.**
The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **-NONE-** | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

**A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Tidewater Motor Credit** | **2003 X Type Jaguar<br>85,000 Miles<br>Needs ball joint and other small repairs, may have been damaged during repossession. Jt with ex husband** | 2007 | **15,000.00** | **8,925.00** |

**B. Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** | | | |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

**C. Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Tidewater Motor Credit** | **2003 X Type Jaguar<br>85,000 Miles<br>Needs ball joint and other small repairs, may have been damaged during repossession. Jt with ex husband** | **200.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D. Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Tidewater Motor Credit** | **2003 X Type Jaguar<br>85,000 Miles<br>Needs ball joint and other small repairs, may have been damaged during repossession. Jt with ex husband** | **8,925.00** | **4.25%** | **$205.00 per month for 48 months** |

**E. Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4. Unsecured Claims.**

**A. Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately **5** %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately **0** %.

**B. Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

**7. Liens Which Debtor(s) Seek to Avoid.**

**A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| **-NONE-** | | | |

**B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

**8. Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9. Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10. Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11. Other provisions of this plan:**

**Signatures:**

**Dated:** **February 23, 2010**

**/s/ Tiana Lynn Branch**
**Tiana Lynn Branch**
**Debtor**

**/s/ Ellen P. Ray**
**Ellen P. Ray 32286**
**Debtor's Attorney**

**Exhibits:** **Copy of Debtor(s)' Budget (Schedules I and J);**
**Matrix of Parties Served with Plan**



Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

Certificate of Service

I certify that on **March 2, 2010**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Ellen P. Ray**
**Ellen P. Ray 32286**
Signature

**P.O. Box 12451**
**Richmond, VA 23241-0451**
Address

**804-355-1800**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

# United States Bankruptcy Court
## Eastern District of Virginia

In re **Tiana Lynn Branch**
Debtor(s)

Case No. **10-31179**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To: **Tidewater Motor Credit**
**Post Office Box 15263**
**Chesapeake, VA 23328**
*Name of creditor*

**2003 X Type Jaguar**
**85,000 Miles**
**Needs ball joint and other small repairs, may have been damaged during repossession. Jt with ex husband**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☒ To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

Date objection due: **not less than 7 days prior to confirmation hearing**

Date and time of confirmation hearing: **April 21, 2010 at 11:00 am**

Place of confirmation hearing: **701 E. Broad Street, Rm 5100, Richmond, VA 23219**

**Tiana Lynn Branch**
*Name(s) of debtor(s)*

By: **/s/ Ellen P. Ray**
**Ellen P. Ray 32286**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Ellen P. Ray 32286**
*Name of attorney for debtor(s)*
**P.O. Box 12451**
**Richmond, VA 23241-0451**
*Address of attorney [or pro se debtor]*

Tel. # **804-355-1800**
Fax # **804-355-1700**

# CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

X first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this **March 2, 2010** .

**/s/ Ellen P. Ray**
**Ellen P. Ray 32286**
*Signature of attorney for debtor(s)*

B6I (Official Form 6I) (12/07)

In re **Tiana Lynn Branch** Case No. **10-31179**

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| **Divorced** | **Son** | **16** |
| | **Son** | **6** |
| | **Son** | **8** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | **Unemployed** | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **0.00** | $ **N/A** |
| 2. Estimate monthly overtime | $ **0.00** | $ **N/A** |
| 3. SUBTOTAL | $ **0.00** | $ **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **0.00** | $ **N/A** |
| b. Insurance | $ **0.00** | $ **N/A** |
| c. Union dues | $ **0.00** | $ **N/A** |
| d. Other (Specify): | $ **0.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **0.00** | $ **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **0.00** | $ **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **N/A** |
| 8. Income from real property | $ **0.00** | $ **N/A** |
| 9. Interest and dividends | $ **0.00** | $ **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **N/A** |
| 11. Social security or government assistance | | |
| (Specify): **Food Stamps** | $ **364.00** | $ **N/A** |
| **Unemployment** | $ **1,571.70** | $ **N/A** |
| 12. Pension or retirement income | $ **0.00** | $ **N/A** |
| 13. Other monthly income | | |
| (Specify): **Dad's monthly contribution/gift** | $ **900.00** | $ **N/A** |
| | $ **0.00** | $ **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **2,835.70** | $ **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **2,835.70** | $ **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **2,835.70** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**Debtor gets out of nursing school in 60 days and will go to work full time at that time.**

B6J (Official Form 6J) (12/07)

In re **Tiana Lynn Branch** Case No. **10-31179**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,400.00 |
| a. Are real estate taxes included? Yes ___ No **X** | |
| b. Is property insurance included? Yes ___ No **X** | |
| 2. Utilities: a. Electricity and heating fuel | $ 150.00 |
| b. Water and sewer | $ 37.00 |
| c. Telephone | $ 0.00 |
| d. Other **See Detailed Expense Attachment** | $ 225.00 |
| 3. Home maintenance (repairs and upkeep) | $ 0.00 |
| 4. Food | $ 450.00 |
| 5. Clothing | $ 50.00 |
| 6. Laundry and dry cleaning | $ 0.00 |
| 7. Medical and dental expenses | $ 20.00 |
| 8. Transportation (not including car payments) | $ 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 30.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ 0.00 |
| b. Life | $ 0.00 |
| c. Health | $ 0.00 |
| d. Auto | $ 97.00 |
| e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) **pers prop taxes and tags** | $ 10.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ 0.00 |
| b. Other | $ 0.00 |
| c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other **See Detailed Expense Attachment** | $ 160.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 2,829.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**Debor will pay monthly plan payments with money received in tax refund until she is able to get full time employment after graduation.**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a. | Average monthly income from Line 15 of Schedule I | $ 2,835.70 |
| b. | Average monthly expenses from Line 18 above | $ 2,829.00 |
| c. | Monthly net income (a. minus b.) | $ 6.70 |

In re **Tiana Lynn Branch** Case No. **10-31179**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

## Detailed Expense Attachment

**Other Utility Expenditures:**

| Item | | Amount |
|---|---|---|
| Telephone/Internet | $ | 50.00 |
| Garbage | $ | 15.00 |
| Cell | $ | 80.00 |
| Cable | $ | 80.00 |
| **Total Other Utility Expenditures** | $ | 225.00 |

**Other Expenditures:**

| Item | | Amount |
|---|---|---|
| Grooming | $ | 40.00 |
| School Lunches | $ | 100.00 |
| School Fees | $ | 20.00 |
| **Total Other Expenditures** | $ | 160.00 |

Office of the US Trustee
701 E. Broad Street, Ste 4304
Richmond, VA 23219

ACE
5151 N. Harlem Ave, Ste 201
Chicago, IL 60656-3610

AFNI
404 Brock Drive
PO Box 3427
Bloomington, IL 61702-3427

Allied Interstate
P.O. Box 361566
Columbus, OH 43236

Arrow Financial Serv*
Jefferson Capital Syst
PO Box 7999
Saint Cloud, MN 56302

CAB
306 East Grace Street
Richmond, VA 23219-1718

Capella University
225 South 6th Street, 9th Fl
Minneapolis, MN 55402

Capital Management Serv, Inc
726 Exchange Street
Ste 700
Buffalo, NY 14210

Cavalier Telephone
PO Box 9001111
Louisville, KY 40290

CBCS
PO Box 1810
Columbus, OH 43216-1810

Cingular/AT&T Wireless
NEED INFO

CJW Medical Center
PO Box 99008
Bedford, TX 76095

Columbia House
ATTN: Collection Dept.
1400 North Fruitridge Ave
Terre Haute, IN 47811-1157

Credit One Bank
PO Box 60500
City Of Industry, CA 91716-0500

Dominion Virginia Power
PO Box 26543
Richmond, VA 23290

Duck's Disposal
PO Box 1535
Chesterfield, VA 23832

e-Recovery Solutions
PO Box 826
Christiansburg, VA 24068-0826

EquiData
724 Thimble Shoals Blvd
Newport News, VA 23606

Financial Recovery Services
P.O. Box 385908
Minneapolis, MN 55438

First Collect Inc.
PO Box 7900
Sparks Glencoe, MD 21152-7900

First Premier Bank
PO Box 5147
Sioux Falls, SD 57117-5147

Focused Recovery Solutions
9701 Metropolitan Court
Suite B
Richmond, VA 23236

GE Money Bank
PO Box 981127
El Paso, TX 79998-1127

General Revenue Corporation
11501 Northlake Drive
Cincinnati, OH 45249

Good Taste Chinese Restaurant
c/o Grogan and Associates
206 E. Cary Street
Richmond, VA 23219

Lvnv Funding
PO Box 10497
Greenville, SC 29603

Nassue & Yvette Patterson
c/o Grogan and Associates
206 E. Cary Street
Richmond, VA 23219

NCO Financial Systems Inc.
PO Box 15630
Dept 99
Wilmington, DE 19850

orchard bank
PO BOX 5253
Carol Stream, IL 60197

Professional collection consul

Progressive Insurance
PO Box 94656
Cleveland, OH 44101-4656

SunTrust Bank
Bankruptcy Dept.
Mail Code RVW 7941 P.O. 85092
Richmond, VA 23286

R.A. Rogers, Inc
P.O. Box 3302
Crofton, MD 21114-0302

Tidewater Motor Credit
Post Office Box 15263
Chesapeake, VA 23328

RA Rogers, Inc
PO Box 3302
Crofton, MD 21114-0302

Tribute
P.O. Box 136
Newark, NJ 07101-0136

Redline Recovery Services
6341 Inducon Drive East
Sanborn, NY 14132-9097

US Dept of Education
P.O. Box 530260
Atlanta, GA 30353

Sallie Mae
PO Box 59011
Panama City, FL 32412

Verizon
PO Box 660720
Dallas, TX 75266

Salute
PO Box 11802
Newark, NJ 07101-8102

Victoria Insurance Group
c/o CCS
Two Wells Ave
Newton, MA 02459

Schettine & Nguyen. PLC
10 S 23rd St.
Richmond, VA 23223-7814

Waste Mangement of Richmond
1405 Gordon Avenue
Richmond, VA 23224

Solomon & Solomon
Box 15019
Albany, NY 12212-5019

William K Grogan & Assoc
206 East Cary Street
Richmond, VA 23219

St. Francis Medical Center
PO Box 404893
Atlanta, GA 30384-4893

Strayer University
Student Services, Chesterfield
2820 Waterford Lake Dr Ste 100
Midlothian, VA 23112